UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN C. MAUER, | ) | CASE NO. 5:23-cv-1636 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| NORMAN JACOBS, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is Defendants' Motion for Judgment on the Pleadings. (Doc. No. 7 (Motion).) For the reasons set forth below, the motion is granted with respect to Plaintiff's federal claims.

I. BACKGROUND

This is a removed pro se case. *Pro se* Plaintiff Steven Mauer ("Mauer") filed his complaint in the Portage County Court of Common Pleas against Kent Police Detective Norman Jacobs and Law Director Hope L. Jones. (Doc. No. 1-1 (Civil Cover Sheet).) His complaint pertains to a state criminal case brought against him in Portage Municipal Court in which he was arrested and charged with unlawful restraint and unlawful imposition in connection with an incident where he took a woman home from a bar. *See State of Ohio v. Mauer*, No. 2023 CR 00323 (Portage Cty. Mun. Ct.). Mauer entered a plea of guilty/no contest in the case and was convicted of unlawful restraint with unlawful sexual contact. *See id.*

In his complaint, Mauer contends Defendant Norman Jacobs ("Jacobs") violated his federal rights and committed state-law torts against him (including abuse of power, defamation of character, and age bias) by making false and misleading statements regarding the incident in the Statement of Facts Jacobs presented to the prosecutor, which resulted in the criminal charges against Plaintiff. (Doc. No. 1-2 (Complaint), at 2–3.) Mauer contends Jacobs violated his rights by "blatantly, intentionally, and maliciously ignored evidence that would have exonerated" him and making false and defamatory statements. (*Id*. at 2.) He seeks monetary relief.

Defendants removed the action to federal court on the basis of Mauer's alleged violation of 42 U.S.C. § 1983 and filed a Motion for Judgment on the Pleadings as to all of Mauer's claims. (Doc. No. 7.) Among other grounds, Defendants contend they are entitled to judgment on Mauer's § 1983 claims on the basis of the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). (*See* Doc. No. 7, at 8.)

Mauer has not responded to Defendants' motion, and upon review, the Court will grant the motion as to Mauer's federal claims and remand his remaining state-law claims.

## II.    STANDARD OF REVIEW

The standard of review for a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is "the same standard as applies to a review of a motion to dismiss under Rule 12(b)(6)." *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581–82 (6th Cir. 2007). To survive a Rule 12(b)(6) dismissal, a complaint "must present 'enough facts to state claim to relief that is plausible on its face'" when its factual allegations are presumed true and all reasonable inferences are drawn in the non-moving party's favor. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). This standard applies even to *pro se* pleadings. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

### III. DISCUSSION

The Court agrees with Defendants that Mauer has not alleged a cognizable federal § 1983 claim. In *Heck v. Humphrey*, the Supreme Court held that a plaintiff convicted in state court is precluded from raising claims in a civil rights action under § 1983 where a judgment on the merits of those claims would affect the validity of plaintiff's state conviction, unless the plaintiff first shows that his conviction has previously been invalidated by a court. *Heck*, 512 U.S. at 486–87. Specifically, *Heck* held that:

> [i]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.*

Here, whatever specific federal claims Mauer purports to assert in his complaint against Defendants under § 1983, a judgment on the merits of those claims would necessarily imply the invalidity of his state-court conviction, but he has not alleged or demonstrated that his conviction has been invalidated or called into question in any of the ways articulated in *Heck*. Accordingly, under *Heck*, any claims Mauer purports to assert under § 1983 are non-cognizable. Therefore, Defendants' Motion for Judgment on the Pleadings will be granted with respect to Mauer's federal claims.

Given the dismissal of Mauer's federal claims at this early stage, the Court declines to exercise supplemental jurisdiction over his remaining state-law claims. District courts have discretion to refuse to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996). The Court finds that the balance of considerations weighs against the exercise of supplemental jurisdiction over Plaintiff's state-law claims, which are better resolved by the Ohio courts.

### IV.    CONCLUSION

In accordance with the foregoing, Defendants' Motion for Judgment on the Pleadings (Doc. No. 7) is granted with respect to Mauer's federal claims, and Mauer's state-law claims will be remanded to the Portage County Court of Common Pleas. The Court further certifies, pursuant to 28 U.S.C. 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: December 7, 2023

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**